**UNITED STATES of America, Appellee,**

v.

**Joe CUNNINGHAM, Appellant.**

**No. 75–1433.**

United States Court of Appeals, Eighth Circuit.

Submitted July 21, 1975.

Decided Sept. 18, 1975.

---

Elbert A. Walton, Jr., St. Louis, Mo., for appellant.

Donald J. Stohr, U. S. Atty. and Frank A. Bussman, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Defendant Joe Cunningham was convicted by a jury of theft from an authorized mail depository in violation of 18 U.S.C. § 1708. The district court sentenced him to five years' imprisonment and this appeal followed. We affirm.

The district court permitted counsel for both sides to conduct the *voir dire.* However, defense counsel was not permitted to ask prospective jurors if they possessed a subjective "belief" in defendant's innocence. Appellant contends that this deprived him of the benefit of the presumption of innocence and precluded him from identifying those potential jurors who might have drawn an inference of guilt from the fact that the United States government had charged him with a crime.

The presumption of innocence, to which every criminal defendant is constitutionally entitled, is a legal device which places the burden of proof in a criminal case upon the government. IX, J. Wigmore, *Wigmore on Evidence,*

**220**

§ 2511 at 409–10 (3d Ed. 1940); *see Coffin v. United States,* 156 U.S. 432, 458–59, 15 S.Ct. 394, 39 L.Ed. 481 (1895); *United States v. Fernandez,* 496 F.2d 1294, 1296–99 (5th Cir. 1974). However, all that is required of jurors is that they be able to render a fair and impartial verdict based on the evidence, and follow the court's instructions as to the burden of proof. *See Irvin v. Dowd,* 366 U.S. 717, 722–23, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); *Spies v. Illinois,* 123 U.S. 131, 8 S.Ct. 22, 31 L.Ed. 80 (1887).

In this case, the record reveals that defense counsel was afforded a full opportunity on *voir dire* to explain the presumption of innocence to the prospective jurors and to ascertain their ability and willingness to follow that presumption. Moreover, in its charge to the jury, the district court properly included instructions on the presumption of innocence and the burden of proof. Therefore, we find that appellant was not denied the benefit of the presumption of innocence.

Appellant additionally contends that the limitations of *voir dire* precluded identification of those potential jurors who might have drawn an inference of guilt from the fact that the United States government had charged him with a crime. This contention is similarly without merit. During *voir dire,* defense counsel was allowed to ask the jury:

> How many of you believe that someone is guilty of a crime if he's been arrested for that particular crime? How many of you believe that the police would not arrest someone unless there's a possibility that that person, that this person was guilty of the charge that the police levies against him?

Moreover, at the close of the evidence and final arguments, the district court was careful to instruct the jury that:

> An indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the accused, and does not create any pre-

sumption or permit any inference of guilt.

It is well settled that the district court has broad discretion to control the scope of the *voir dire* examination. *United States v. Bear Runner,* 502 F.2d 908, 911–12 (8th Cir. 1974); *Pope v. United States,* 372 F.2d 710, 723–27 (8th Cir. 1967). The district court did not abuse its discretion.

We have examined the record in this case and find that there was substantial evidence to support appellant's conviction, and that he was afforded a fair trial.

Affirmed.